**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-13476

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KANETHIA TREMEKA STEELE,
a.k.a. Cookie,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cr-00009-AW-MAL-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Kanethia Steele appeals her 135-month sentence for conspiracy to distribute and possession with intent to distribute methamphetamine. Steele argues that her sentence is substantively unreasonable because the district court did not properly weigh the applicable sentencing factors. We affirm.

## I.

Steele pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture of methamphetamine. 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii).

Steele and her son Kenneth supplied methamphetamine and cocaine to a drug enterprise led by Jermaine Freeman. Steele acted as the middleman, connecting Freeman with drug suppliers in Arizona. Steele also helped pack the drugs into suitcases, which Kenneth would transport to Florida. On several occasions, Freeman or his associates traveled to Arizona to meet with Steele and purchase drugs. All told, Steele helped transport approximately forty pounds of methamphetamine.

Before the sentencing hearing, the Probation Office prepared a presentence investigation report. Neither party objected to the report. According to the report, Steele had numerous prior convictions for battery and assault that did not increase her recommended sentence because they were too old. She also had a prior conviction for a drug conspiracy, which was counted. The Probation Office adjusted for Steele's acceptance of responsibility and

then calculated a Sentencing Guidelines range of 135 months to 168 months. Steele's conviction carries a 10-year mandatory minimum.

The presentence investigation report also described Steele's physical condition. Steele suffers from numerous ailments, including mood disorder, type 2 diabetes, obesity, cirrhosis of the liver, nerve disorder, major depressive disorder, high blood pressure, chronic airway obstruction, and chronic constipation.

At sentencing, Steele requested she be sentenced to the statutory minimum. She presented statements from several family members regarding her health issues. During her allocution, she averred that she had received inadequate medical care during pretrial detention. She also expressed remorse for enlisting her son in her criminal conduct.

After hearing from the government, the district court sentenced Steele to 135 months, the bottom of the sentencing range. The district court stated, "without any equivocation that it would be much higher if it weren't for the health issues." Doc. 155 at 23. It summarized Steele's aggravating factors: her violent criminal history, her prior involvement in a similar drug conspiracy, the large amount of drugs she had trafficked, and her decision to enlist her son in the conspiracy. The district court also stated that it considered "all the 3553(a) factors," giving special weight to deterrence. *Id.* at 25.

Steele timely appealed.

## II.

We review the substantiveness reasonableness of a sentence for abuse of discretion. *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (citation omitted).

## III.

Steele argues that her sentence is substantively unreasonable. She believes the district court "disregarded significant mitigation and the applicable sentencing factors" by failing to consider her health issues, her need for treatment, and her role in the offense. We disagree.

District courts have broad discretion to weigh the relevant sentencing factors and arrive at an appropriate sentence. *Id*. Under the abuse of discretion standard, we will vacate a sentence for substantive unreasonableness only if we have a "definite and firm conviction" that the district court committed a "clear error of judgment" in weighing the section 3553(a) factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts. *United States v. Cabezas-Montano*, 949 F.3d 567, 611 (11th Cir. 2020) (citation omitted).

The district court's sentence was not substantively unreasonable. It correctly identified the presence of numerous aggravating factors: the "tremendous volume" of drugs Steele helped traffic, the complexity and scope of the conspiracy, Steele's previous conviction for a similar offense, her willingness to involve her son in the crime, and the fact that her guidelines range was "understated" due to the unscored convictions. In considering "all the 3553(a) factors," the district court reasonably placed special weight on the need to deter both Steele and potential future offenders. The district court's decision to impose a sentence at the very bottom of the guidelines range further supports its substantive reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008); *United States v. Croteau*, 819 F.3d 1293, 1309-10 (11th Cir. 2016) (courts "ordinarily expect" sentences within the guidelines range to be reasonable).

The district court properly considered all relevant factors, including the defendant's personal characteristics. *See Irey*, 612 F.3d at 1189. The district court chose not to impose a more severe sentence due to Steele's numerous health problems. Moreover, in recognition of Steele's need for treatment, the district court recommended that the Bureau of Prisons consider Steele's health conditions when assigning her to a facility. The district court also recommended that Steele be housed near Tampa so that her family could visit her.

Steele is therefore wrong to argue that the district court did not consider her health issues, need for treatment, or role in the

offense. Her true objection is that the district court did not weigh the various factors as she would have liked. But the weight given to any factor is left to the district court's discretion. *Cabezas-Montano*, 949 F.3d at 611. Because Steele failed to show that her sentence is outside the range of reasonable sentences dictated by the facts of the case, her sentence is not substantively unreasonable. *Id*.

**IV.**

**AFFIRMED**.